IN THE SUPERIOR COURT OF GUAM

RODNEY COURTNEY, as Managing Agent )     Civil Case no. CV0301-11
of the Association of Apartment Owners of )
Blue Pacific Lattice, )
                       )
              Plaintiff, )
                       )     **DECISION AND ORDER**
    vs.                 )
                       )
MICHAEL W. KENNDEY, )
                       )
           Defendant. )
_____ )

This matter came before the Honorable Judge Michael J. Bordallo June 6, 2013, on Plainttiff's motion for costs and attorney fees. Plaintiff was represented by attorney James M. Maher. Defendant was represented by attorney Robert L. Keogh. Having received and reviewed the arguments, papers, and file herein the Court now issues the following motion GRANTING in part Plaintiff's request for an award of costs and attorney's fees associated with this action.

## BACKGROUND

This case arises out of Plaintiff's February 6, 2011 Complaint to Foreclose Lien. One year later, prior to trial the and subsequent to the Plaintiff's filing a pretrial exhibit and witness list, the Parties agreed to settle the claims in Plaintiff's complaint for an approximate amount of $3,700.00, but reserved for further litigation the issue of Defendant's liability for Plaintiff's costs and attorney fees.

Plaintiff, pursuant to the Court's January 17, 2013 direction at a hearing on the remaining matters, filed papers and declarations outlining the costs and fees it had expended. On January 16, and April 2, 2013 Defendant filed two papers objecting to Plaintiff's papers. Defendant argues that pursuant to 7 GCA § 26602 Plaintiff is not entitled to an award of costs

and fees because it did not obtain a judgment. He also asserts and argues that the fees incurred are excessive and unreasonable and that home owners association's by-laws allowing for the recovery of attorney fees are not a contract or that under the Deceptive Trade Practices Act 5 GCA § 32203 they should be found to be mutual. In support of his arguments Defendant asserts and argues that the discovery in this matter was inappropriately billed to this case while being used in another Guam Superior Court Case, Case Number CV049-02.[1]

On April 10 and May 20, 2013, Plaintiff filed a reply and supplemental authority paper. Plaintiff argues that the home owners association's by-laws should be upheld and applied to Defendant. It also asserts in rebuttal that its costs and fees were not, unnecessary, excessive or unreasonable.

## DISCUSSION

The Guam Supreme Court has consistently held and explained that, "attorney's fees are generally not recoverable unless authorized by statute, contract, or under equitable circumstances." *Duenas v. George and Matilda Kallingal, P.C.*, 2012 Guam 4 ¶ 48 (citations omitted). In this case Defendant upon owning and occupying his residential unit agreed to be contractually responsible for payment of all collection fees and costs imposed upon the unit by its home owners association. Defendant has advanced no argument or fact which persuades the Court that his association's by-laws are not contractually binding upon him and within the scope of Guam Supreme Court's rulings on recoverable attorney fees and costs.

The Guam Legislature has enacted several laws to regulate the reasonable charging of attorney fees and costs in debtor creditor actions and suits seeking damages for the breach of contract. 4 GCA § 3404 and 7 GCA § 6201. The first of these statues sets a limit at 15% of the

---

[1] The Court takes judicial notice of the papers referred to by the Defendant in Guam Superior Court Case no. CV049-02.

unpaid debt. 4 GCA § 3404. The second of these statutes would set the total amount to be recovered in attorney fees at 39% of a $3,700.00 award. 7 GCA § 6201. While not strictly applicable in the instant case the Court finds them instructive.

Earlier this year the Third U.S. Federal Circuit Court of Appeals explained the general standards that are applied to a court's determination of reasonableness of fees, "[c]ourts generally use one of two methods for assessing the reasonableness of attorneys' fees—a percentage-of-recovery method or a lodestar method. The former resembles a contingent fee in that it awards counsel a variable percentage of the amount recovered for the class." *In re Baby Products Antitrust Litigation*, 708 F.3d 163, 176 (3rd Cir 2013)(citations omitted). In 2012 the Second U.S. Federal Circuit Court of appeals held, "In assessing the reasonableness of attorney's fees, a court looks to the amount of time spent as reflected in contemporaneous time records, and then decides how much of that time was "reasonably expended. If the district court finds that some of the time was not reasonably necessary to the outcome of the litigation, it should reduce the time for which compensation is awarded accordingly." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir 2012)(citations omitted).

In this case Plaintiff's initial complaint requested that the Court award it a judgment of $3596.91 plus $750.00 in attorney fees. Plaintiff now request that it be awarded $8034.50 in attorney fees and $1,276.58 in costs. A review of Plaintiff's papers reveals that its attorney fees amount to approximately 45.7 hours billed at a rate of $175 per hour. In light of Guam laws and the filings and papers herein the Court is not persuaded that the amount of fees charged in this matter reasonably relate to the amount in dispute or the amount required to ligate a suit of this nature.

It is difficult to find that this matter is distinguishable from a simple collection matter. It is reasonable therefore that it should be regulated by similar standards. While one or both

parties are free to place a higher value on winning the litigation than the claim's actual value, it is not reasonable that this charge can be passed on to the other party absent a showing that the party has specifically, willingly, and knowingly so agreed. Balancing the above factors the Court finds that the attorney fee award should not exceed the limits set by 7 GCA § 6201 and that the costs should not exceed an amount more than the actual costs of the pleadings' filing and service fees plus 50% of the additional costs outlined in Plaintiff's Index of Costs paper.

## CONCLUSION

For the above reasons Plaintiff's motion for an award of costs and attorney fees is GRANTED in part. Defendant is hereby ordered to pay Plaintiff the amount of $1,443.00 in attorney fees and $739.29 in costs.

SO ORDERED, this 27 day of August 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

AUG 2 7 2013

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Honolulu, Guam
Theresa J. Mendiola
Deputy Clerk, Superior Court of Guam